# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-10765
Summary Calendar

IN RE:  GARY RAY WARREN

Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-MC-024-A

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This appeal concerns a sanctions order by the district court against Gary Ray Warren in connection with his representation of Jeffrey Allen Smith in a criminal case, No. 4:05-CR-195-A. The court issued the sanctions after granting relief to Smith in his habeas action, No. 4:08-CV-025-A, on ineffective assistance of counsel grounds. The district court found that, in representing Smith, Warren had engaged in conduct unbecoming a member of the bar and unethical behavior in violation of the local rules. Among other things, the district court's order calls for disbarment of Warren from that court. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Criminal Rule LCrR 57.8(b) and Civil Rule LR 83.8(b) of the Local Rules of the United States District Court for the Northern District of Texas each provide that "[a] presiding judge, after giving opportunity to show cause to the contrary, may take any appropriate disciplinary action against a member of the bar for . . . conduct unbecoming a member of the bar; . . . [or] unethical behavior." Criminal Rule LCrR 57.8(e) and Civil Rule LR 83.8(e) each define "unethical behavior" in the criminal and civil case context, respectively, as conduct "that violates the Texas Disciplinary Rules of Professional Conduct." As Warren concedes, we review a district court's order of disbarment for abuse of discretion or grave irregularity. *See Ex parte Burr*, 22 U.S. 529, 530 (1824).

On April 24, 2008 and May 1, 2008, the district court held hearings on Smith's habeas petition that focused largely on the question of Warren's effective representation of Smith in the criminal case. On May 2, 2008, the court granted Smith relief in the form of resentencing. On June 13, 2008, the court issued a 34-page collateral order making tentative findings that Warren had engaged in sanctionable misconduct. The June 13, 2008 order gave Warren until June 27, 2008 to show cause to the contrary, and invited Warren to request a hearing and indicate if he wanted the court to summon any of the persons who testified at the habeas hearings. On June 27, 2008, Warren filed a notice that provided:

> Pursuant to the June 13, 2008 Order of the Court, the undersigned and subject of the said Disciplinary Proceeding, without waiving any right to appeal the Court's sanction in this case, does hereby state that he does not request a hearing in this matter and request the Court enter judgment of whatever sanction the Court deems appropriate in this matter without further submissions or hearings, unless such further submissions or hearings are deemed necessary by the Court.

On July 7, 2008, the district court issued its final sanctions order, finding "by clear and convincing evidence" that Warren "engaged in conduct unbecoming a member of the bar and unethical behavior" in violation of Rule LCrR 57.8(b)(3). The order disbarred Warren from the district court, required Warren to disgorge the $3500 fee he received to represent Smith, and forwarded notice of the order to the State Bar of Texas.

In support of its conclusion that Warren engaged in "unethical behavior" in violation of Rule 57.8(b)(3) of the Local Criminal Rules, the district court first made the following findings of fact relating to Warren's representation of Smith:

- He neglected timely to meet and confer with Smith concerning Smith's presentence report for the purpose of . . . objections . . . .

- He neglected to object to the presentence report—in particular, he failed to call the court's attention . . . to the failure of the prosecutor to file a motion for downward departure under USSG § 5K1.1, and to assert whatever other objections might have been appropriate . . . . Once he realized that the deadline for making objections . . . had expired, he neglected to submit proposed objections . . . with a motion asking leave to submit the objections . . . .

- He neglected to point out to the prosecutor . . . prior to sentencing that [the prosecutor] should have, but had not, filed a motion for downward departure.

- He neglected to consult with Smith before informing the court that Smith had no objection to the presentence report.

- He neglected to make known to the court at the sentencing hearing that the government should have filed a motion for downward departure based on the extensive assistance and cooperation his client had provided . . . in the . . . prosecution of others.

- He neglected to pursue Smith's appeal after it had been perfected by the filing of the notice of appeal and the payment of the fee . . . .

- He neglected to inform Smith that the appeal was at risk of dismissal because of Warren's failure to take the steps essential to the pursuit of the appeal.

- He neglected to inform Smith that the appeal had been dismissed.

- He neglected to take steps to cause a court-appointed attorney to replace him as Smith's attorney on appeal once he determined that he did not plan to prosecute the appeal on Smith's behalf.

The district court concluded that the foregoing failures by Warren violated Rule 1.01 of the Texas Disciplinary Rules of Professional Conduct, which prohibits an attorney from consciously disregarding his obligations to his client.

In further support of its conclusion that Warren had engaged in "unethical behavior" under Rule 57.8(b)(3), the district court found that:

- Warren knowingly made a false statement of material fact to the court when he represented to the court, under oath, in his affidavit that Smith advised him not to pursue the appeal.

- Warren testified falsely when he said that he was instructed by Smith's wife . . . not to pursue the appeal he had perfected from the judgment sentencing Smith.

- Warren testified falsely when he said that he told [Smith's wife] that he would charge . . . $9,500.00 . . . to prosecute Smith's appeal.

- Warren testified falsely when he said the he did not hear from [Smith's wife] again after he gave her an estimate that the fee for a transcript would be around $1,000.00.

- Warren testified falsely when he said that he concluded his conversation with [Smith's wife] by saying that he was not going to do anything . . . .

The district court concluded that the foregoing false statements violated Rules 3.03(a)(1) and 8.04(a)(3) of the Texas Disciplinary Rules of Professional Conduct, which prohibit false statements to tribunals and dishonest conduct.

In closing its recitation of fact finding, the district court further referenced Warren's improper failure to notify this court that he was not going to prosecute Smith's appeal and his faulty advice to Smith and his relatives that it was better to raise objections to the presentence report on appeal than at sentencing.

Warren filed a motion for a new trial and supporting memorandum on July 17, 2008, which was denied by the district court on July 18, 2008.

On appeal, Warren raises five objections, all of which we reject. First, he contends that "[a] judge may not assume the functions of the prosecutor in investigating a charge of perjury." The district court, however, did not serve as prosecutor nor was Warren convicted of perjury. It issued a member sanction, and "[c]ourts enjoy broad discretion to determine who may practice before them and to regulate the[ir] conduct . . . ." *U.S. v. Nolen*, 472 F.3d 362, 371 (5th Cir. 2006). Second, Warren argues that there was insufficient evidence to convict him of perjury or support disbarment. Again, he was not convicted of perjury. Moreover, there was "clear and convincing" evidence to support the district court's finding of "one or more violations warranting this extreme sanction." *In re Medrano*, 956 F.2d 101, 102 (5th Cir. 1992). In addition, Warren waived any challenge to such findings in the district court. Third, Warren submits that the district court deprived him of due process by using unarticulated standards. Yet, the district court clearly relied on the Texas Disciplinary Rules of Professional Conduct, as expressly adopted by local rule. Warren tries to advance the argument that, in issuing its ruling with a habeas proceeding, the district court may have erred in citing to the local criminal rules, rather than the local civil rules. But, as noted above, both sets of rules provide the same "unethical behavior" standards.

5

Warren's fourth objection is that the district court abused its discretion "in imposing . . . disbarment upon one with no prior disciplinary history." Though we appreciate the seriousness of Warren's penalty, we conclude that there has been no abuse of discretion, not only because the record establishes repeated instances of dishonest conduct and disregard for his client's interests but also because Warren left the court's findings effectively unchallenged by his waiver of a hearing. It does not appear that Warren ever presented his lack of any prior disciplinary actions to the district court, either in a hearing or even in his motion for a new trial and supporting memorandum. Fifth, and finally, Warren argues that he was not given adequate notice in violation of the Fifth Amendment. But Warren was notified of the allegations against him in a 34-page preliminary order and was provided a full and fair opportunity for a hearing. *See NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 707 (5th Cir. 1990).

Based on the foregoing, we hold that the district court did not abuse its discretion and affirm its sanctions order.